IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00579-BNB

JERRY L. MASKE,

    Plaintiff,

v.

ARAPAHOE COUNTY,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske initiated this action by filing a *pro se* Complaint. On March 24, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Maske to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Maske filed an Amended Complaint on April 28, 2009.

The Court must construe the Amended Complaint liberally because Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nonetheless, even though the Court must

construe Mr. Maske's pleadings liberally, the pleadings must follow the rules of federal civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert denied*, 513 U.S. 1090 (1995). For the reasons stated below the action will be dismissed.

The Court has reviewed the Amended Complaint and finds that Mr. Maske again has failed to comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In the Amended Complaint, Mr. Maske states that his claims are asserted pursuant to Title II of the Americans with Disabilities Act (ADA) of 1990. He further asserts that he has been diagnosed by medical professionals as having a disability. Mr.

Maske claims that under the ADA it is illegal for individuals, the courts, and law enforcement agencies to stereotype his disability as mental illness. Mr. Maske asserts that because he was stereotyped as mentally ill and dangerous he was charged with several harassment incidents, including (1) splashing paint on a D.R. Horton Homes Sales Office; (2) having an unidentifiable odor in his condominium; (3) sending an "off-color" e-mail to an individual; and (4) threatening to "blow-up" a gas station. Mr. Maske contends that based on his disability, and without witnesses and with only hearsay, he was placed on a one-year probation by the Arapahoe Municipal Court. Mr. Maske seeks money damages.

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131; *McGuinness*, 170 F.3d at 978.

Mr. Maske fails to demonstrate or plead how he is being excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity. Mr. Maske's claims are inappropriate under Title II of the ADA. Mr. Maske's only argument appears to be that he was wrongfully stereotyped as dangerous and mentally ill, when he was placed on a one-year probation for alleged illegal conduct. Mr. Maske's reliance on Title II of the

ADA is misplaced. It is not the intent of the ADA to waive sentences in a criminal proceeding that is imposed based on illegal conduct.

Nor may Mr. Maske seek damages in a private cause of action under Title II of the ADA unless his claims are against a public entity for conduct that actually violates the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). Nothing in his claims indicates conduct by a public entity that violates the Fourteenth Amendment for the purposes of the ADA.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Mr. Maske fails to assert proper jurisdiction for this Court to consider his claims and to show that he is entitled to the relief he seeks. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Complaint, Amended Complaint, and action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 14 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00579-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk